MICHAEL J. GARCIA
United States Attorney
Southern District of New York
BENJAMIN H. TORRANCE (BT-1118)
SEAN C. CENAWOOD (SC-1952)
JAMES L. COTT (JC-5176)
Assistant United States Attorneys
86 Chambers Street
New York, New York 10007
Telephone: 212.637.2705
Fax: 212.637.2786

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
UNITED STATES OF AMERICA,  :
 :
             Plaintiff,  :
 : 07 Civ. 9704 (RJH)
   v.  :
 : **COMPLAINT**
MADISON SQUARE GARDEN, L.P.;  :
RAINBOW MEDIA HOLDINGS, L.L.C.; and  : ECF CASE
CABLEVISION SYSTEMS CORP.,  :
 :
             Defendants.  :
------------------------------------------------------------ x

      Plaintiff United States of America, by its attorneys, Peter D. Keisler, Acting Attorney General of the United States, and Michael J. Garcia, United States Attorney for the Southern District of New York, alleges as follows:

## NATURE OF THE CASE

      1.     The United States brings this civil action to enforce the provisions of Title III of the Americans with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. §§ 12181 et seq., and the Department of Justice regulation implementing Title III of the ADA, 28 C.F.R. Part 36 (the "Regulation"), against defendants Madison Square Garden, L.P., Rainbow Media Holdings,

L.L.C., and Cablevision Systems Corp. (collectively, "defendants"), the owners and operators of Madison Square Garden.

2. As set forth more fully below, defendants have discriminated, and continue to discriminate, against individuals with disabilities in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of Madison Square Garden, in violation of the ADA, by failing to remove architectural barriers to access where it is readily achievable to do so; failing to use readily achievable alternatives to barrier removal where barrier removal is not readily achievable; failing to make alterations accessible to the maximum extent feasible; failing to make paths of travel and restrooms, drinking fountains, and telephones serving altered primary function areas accessible to the extent it is not disproportionate to do so; failing to reasonably modify policies, practices, and procedures to make the goods and services offered at the Garden accessible to individuals with disabilities; failing to take steps to provide auxiliary aids and services; and by failing to operate the Garden so that the policies, procedures, and administrative methods used would not discriminate against individuals with disabilities.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 42 U.S.C. § 12188(b), and 28 U.S.C. §§ 1331 and 1345.

4. Venue lies in this district pursuant to 28 U.S.C. § 1391(b) because Madison Square Garden is located in this district and because the acts of discrimination alleged in this complaint occurred in this district.

**THE PARTIES**

5. Plaintiff is the United States of America.

6. Defendant Madison Square Garden, L.P., is a Delaware limited partnership that owns, controls, and operates a facility known as Madison Square Garden (the "Garden").

7. Defendant Rainbow Media Holdings, L.L.C., is a Delaware limited liability corporation that wholly owns defendant Madison Square Garden, L.P., and as such owns, controls, and operates the Garden.

8. Defendant Cablevision Systems Corp. is a Delaware corporation that wholly owns Rainbow Media Holdings, L.L.C., and as such owns, controls, and operates the Garden.

**THE ADA**

9. The ADA was enacted to address a "serious and pervasive social problem" of "discrimination against individuals with disabilities" in public accommodations, employment, transportation, and other areas of public life. 42 U.S.C. § 12101(a).

10. In passing the ADA, Congress expressly found that "individuals with disabilities continually encounter various forms of discrimination," including "the discriminatory effects of architectural, transportation, and communication barriers" and "relegation to lesser services, programs [and] activities." *Id.*

11. Title III of the ADA bans discrimination against persons with disabilities by owners or operators of public accommodations, 42 U.S.C. § 12182(a), and establishes an ongoing requirement by such owners and operators to, among other things, remove architectural barriers to access where such removal is "readily achievable," *id.* at § 12182(b)(2)(A)(iv), 28 C.F.R. § 36.304; to provide alternative methods to make goods and services available where it is deemed

not readily achievable to remove barriers, 42 U.S.C. § 12182(b)(2)(A)(v), 28 C.F.R. § 36.305; to make required alterations to facilities readily accessible to and usable by individuals with disabilities to the maximum extent feasible, 42 U.S.C. § 12183(a)(2), 28 C.F.R. §§ 36.402-404; to provide appropriate and necessary auxiliary aids and services, 42 U.S.C. § 12182(b)(2)(A)(iii), 28 C.F.R. § 36.303; and to reasonably modify policies and practices so as to ensure "full and equal enjoyment" of their goods and services by individuals with disabilities, 42 U.S.C. §§ 12182(a) and 12182(b)(2)(A)(ii), 28 C.F.R. §§ 36.201 and 36.302.

12.     With certain exceptions not relevant to this action, Title III of the ADA took effect on January 26, 1992.  Pub. L. No. 101-336, § 310, 104 Stat. 353 (1990), *reprinted in* 42 U.S.C.A. § 12181 note, at 571 (West 2005).

### ENFORCEMENT BY ATTORNEY GENERAL

13.     There is reasonable cause to believe that a person or group of persons have been discriminated against by defendants' failure to comply with Title III of the ADA and the Regulation, and that Defendant has engaged in a pattern or practice of discrimination under the ADA and that this action raises an issue "of general public importance."  42 U.S.C. § 12188(b)(1)(B)(i), (ii).

### MADISON SQUARE GARDEN

14.     Madison Square Garden, which includes establishments located within the Garden, is a place of public accommodation within the meaning of Title III of the ADA and its implementing regulation.  The Garden's operations affect commerce, and it is a facility that includes places of public gathering, places of exhibition or entertainment, establishments serving food or drink, and sales establishments.  42 U.S.C. §§ 12181(7), 12182; 28 C.F.R. § 36.104.

15. The Garden was originally opened in 1968 as a state-of-the-art, multi-use sports and entertainment facility. It contained a main arena as well as a smaller venue known as the Felt Forum. In 1991, the Garden underwent a major renovation to the entire facility during which the main arena was extensively modified, the Felt Forum removed, and the Theater at Madison Square Garden (originally called the Paramount Theater) constructed.

16. The Garden arena (the "Arena") is a facility used for sports (including basketball and hockey), concerts, and other entertainment events. It has a seating capacity ranging from approximately 17,000 to 20,000 depending on the nature of the event.

17. Since January 26, 1992, the defendants have made a number of alterations to the Garden, including but not limited to the installation of a bar area complete with bar and counters on the sixth floor of the Arena and the renovation of the Club Members Restaurant, including but not limited to the installation of a new bar in the bar area.

## CLAIMS FOR RELIEF

## CLAIM I

### (Readily Achievable Barrier Removal)

18. Numerous architectural barriers in existence before and unaltered since January 26, 1992, prevent or restrict access to the Garden by individuals with disabilities, in that the Garden's services, features, elements, and spaces are not readily accessible to, or usable by, individuals with disabilities, as required by the Regulation. 28 C.F.R. §§ 36.304, 36.308(a); Standards for Accessible Design, 28 C.F.R. Part 36, App. A (the "Standards").

19. Architectural barriers to access that exist at the Garden include, but are not limited to, the following:

5

      a.      The Arena does not have sufficient wheelchair seating locations that are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, and does not have sufficient companion seating next to the wheelchair seating locations.  42 U.S.C. § 12182(b)(2)(A)(iv); 28 C.F.R. §§ 36.304 and 36.308; 28 C.F.R. Part 36, App. A, §§ 4.1.3(19)(a) and 4.33.

      b.      The Arena does not have wheelchair seating locations that are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, that are located so that they are dispersed throughout the seating areas, provide lines of sight and choice of admission prices comparable to those for members of the general public, and adjoin an accessible route that also serves as a means of emergency egress.  42 U.S.C. § 12182(b)(2)(A)(iv); 28 C.F.R. §§ 36.304 and 36.308; 28 C.F.R. Part 36, App. A., §§ 4.1.3(19)(a) and 4.33.

      c.      The Arena does not have seating without armrests or equipped with folding or removable armrests that is suitable for transfer from a wheelchair ("aisle transfer seating").  42 U.S.C. § 12182(b)(2)(A)(iv); 28 C.F.R. § 36.304; 28 C.F.R. Part 36, App. A, § 4.1.3(19)(a).

      d.      The Arena's suites and skyboxes do not have wheelchair seating locations that are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs; do not have companion seating located next to wheelchair seating locations; and are not equipped with aisle transfer seating.  42 U.S.C. § 12182(b)(2)(A)(iv); 28 C.F.R. §§ 36.304 and 36.308; 28 C.F.R. Part 36, App. A, §§ 4.1.3(19)(a) and 4.33.

    e.  The Arena's suites and skyboxes, including but not limited to the toilet rooms, doors, cabinets, clothes rods, shelves, counters, and signs, are not readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs and individuals who are blind or have low vision.  42 U.S.C. § 12182(b)(2)(A)(iv); 28 C.F.R. § 36.304; 28 C.F.R. Part 36, App. A, §§ 4.1.3, 4.2, 4.4, 4.13, 4.17-4.28, 4.30 and 5.2.

    f.  There is no route connecting elements and spaces within the Garden that is readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs.  Among other things, where changes in vertical level occur, no accessible means of access is provided, and the ramps and platform lifts that are provided are not readily accessible to and usable by individuals with disabilities.  42 U.S.C. § 12182(b)(2)(A)(iv); 28 C.F.R. § 36.304; 28 C.F.R. Part 36, App. A, §§ 4.1.2, 4.1.3, 4.3, 4.5 and 4.8.

    g.  The doors and doorways in certain areas of the Garden are not readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, as a result of, among other things, non-compliant hardware, threshold height, and door width.  42 U.S.C. § 12182(b)(2)(A)(iv); 28 C.F.R. § 36.304; 28 C.F.R. Part 36, App. A, §§ 4.1.2, 4.1.3(7), 4.13 and 4.22.

    h.  The Garden's public restrooms are not readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs.  42 U.S.C. § 12182 (b)(2)(A)(iv); 28 C.F.R. 36.304; 28 C.F.R. Part 36, App. A, §§ 4.1.3(11) and 4.16-4.26.

7

    i.  The Garden's public pay telephones are not readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs.  42 U.S.C. § 12182(b)(2)(A)(iv); 28 C.F.R. § 36.304; 28 C.F.R. Part 36, App. A, §§ 4.1.3(17) and 4.31.

    j.  A number of the Garden's drinking fountains are not readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs.  42 U.S.C. § 12182(b)(2)(A)(iv); 28 C.F.R. § 36.304; 28 C.F.R. Part 36, App. A, §§ 4.1.3(10), 4.15 and 4.27.

    k.  The Garden's alarms do not have visual signals that are readily accessible to and usable by individuals with disabilities, including individuals who are deaf or hard of hearing.  42 U.S.C. § 12182(b)(2)(A)(iv); 28 C.F.R. § 36.304; 28 C.F.R. Part 36, App. A, §§ 4.1.3(14) and 4.28.

    *l.*  The Garden's ticket windows, reception areas, gift and souvenir shops, food and beverage courts, and bar and concession areas are not readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, because, among other things, they are not equipped with accessible counters.  42 U.S.C. § 12182(b)(2)(A)(iv); 28 C.F.R. § 36.304; 28 C.F.R. Part 36, App. A, §§ 5 and 7.

    m.  A number of the Garden's ramps are not readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, as a result of, among other things, slopes and cross-slopes that are too steep.  42 U.S.C. § 12182(b)(2)(A)(iv); 28 C.F.R. § 36.304; 28 C.F.R. Part 36, App. A, §§ 4.3.7, 4.7, and 4.8.

    n.  The Garden contains a number of protruding objects that represent a danger to individuals who are blind or have low vision, as well as obstacles to individuals who use

wheelchairs.  42 U.S.C. § 12182(b)(2)(A)(iv); 28 C.F.R. § 36.304; 28 C.F.R. Part 36, App. A, §§ 4.4.1, 4.4.2.

      o.      Many aspects of the Arena's locker rooms, including but not limited to grab bars, shower seats, hand-held shower units, coat hooks, soap dishes, dressing benches, and storage areas, are not readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs.  42 U.S.C. § 12182(b)(2)(A)(iv); 28 C.F.R. § 36.304; 28 C.F.R. Part 36, App. A, §§ 4.1.3(12), 4.1.3(21), 4.23-4.27 and 4.35.

      p.      The Garden lacks adequate and appropriate signage that is readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs and individuals who are blind or have low vision.  42 U.S.C. § 12182(b)(2)(A)(iv); 28 C.F.R. § 36.304; 28 C.F.R. Part 36, App. A, §§ 4.1.3(16) and 4.30.

      q.      A number of the Garden's elevators are not readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs and individuals who are blind or have low vision.  42 U.S.C. § 12182(b)(2)(A)(iv); 28 C.F.R. § 36.304; 28 C.F.R. Part 36, App. A, §§ 4.1.3 and 4.10.

20.      The defendants have not removed any of the architectural barriers to access identified in paragraph 19.

21.      It would be readily achievable within the meaning of the ADA for the defendants to remove some or all of the architectural barriers to access identified in paragraph 19.  42 U.S.C. § 12181(9).  By failing to remove barriers to access to the extent it is readily achievable to do so, the defendants have violated Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(iv) and 28 C.F.R.

§ 36.304. In the alternative, if it is not readily achievable to remove some or all of the barriers to access set forth in paragraph 19, the defendants must undertake readily achievable alternatives to barrier removal as required by 42 U.S.C. § 12182(b)(2)(A)(v) and 28 C.F.R. § 36.305.

22.     There are readily achievable alternatives to barrier removal that the defendants could have undertaken to make the goods and services offered at the Garden accessible to individuals with disabilities. Specifically and without limitation, if it was not readily achievable to provide accessible seating locations in places representative of all of the different prices offered to people without disabilities, the defendants failed to modify their pricing policies for accessible seating to ensure that wheelchair, companion, and aisle transfer seating was provided at all the same prices as those charged individuals without disabilities. 42 U.S.C. § 12182(b)(2)(A)(v); 28 C.F.R. §§ 36.305 and 36.308.

## CLAIM II

### (Alterations and Paths of Travel)

23.     Defendants have made alterations, including repairs, and renovations, to the Garden after January 26, 1992.

24.     The modifications that defendants have made to the Garden since January 26, 1992, constitute alterations that affect or could affect the usability of the portions of the facility that were altered and, therefore, are covered by Title III's provision regarding alterations. 42 U.S.C. § 12183(a)(2) and 28 C.F.R. § 36.402.

25.     The alterations made to the Garden after January 26, 1992, have affected the usability of or access to areas of the Garden that contain a primary function, *i.e.*, that contain a major activity for which the Garden is intended. 28 C.F.R. § 36.403.

26.     Defendants have violated Title III of the ADA by failing to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the Garden are readily accessible to, and usable by, individuals with disabilities, including individuals who use wheelchairs.  42 U.S.C. § 12183(a)(2); 28 C.F.R. § 36.402.

27.     Defendants have violated Title III of the ADA by failing, to the maximum extent feasible, to make the path of travel to the altered areas and the bathrooms, telephones, and drinking fountains serving the altered areas readily accessible to, and usable by, individuals with disabilities, including individuals who use wheelchairs.  42 U.S.C. § 12183(a)(2); 28 C.F.R. § 36.403.

## CLAIM III

### (Discriminatory Administrative Methods)

28.     Defendants have violated Title III of the ADA by affording individuals with disabilities who wish to purchase tickets to accessible seating locations an opportunity to purchase tickets that is not equal to that afforded to others, and by using an administrative method that has the effect of discriminating on the basis of disability.  42 U.S.C. § 12182(b)(1)(A)(ii) and 12182(b)(1)(D)(i); 28 C.F.R. §§ 36.202(b) and 36.204.

## CLAIM IV

### (Reasonable Modifications to Policies, Practices, and Procedures)

29.     Defendants also have failed to make reasonable modifications to their policies, practices, and procedures to make the goods, services, and facilities of the Garden available to individuals with disabilities, as required by Title III of the ADA and the Regulation.  42 U.S.C. § 12182(b)(1)(D)(i), 12182(b)(2)(A)(ii); 28 C.F.R § 36.302(a).

30. Defendants' non-compliant policies, practices, and procedures include but are not limited to the following:

    a. Failing to maintain and operate platform lifts so that they facilitate unassisted entry, operation, and exit by individuals with disabilities, including individuals who use wheelchairs. 28 C.F.R. § 36.211; 28 C.F.R. Part 36, App. A, § 4.11.3.

    b. Failing to modify their ticket pricing and sales policies and practices to ensure that wheelchair, companion, and aisle transfer seating is provided with the same availability and pricing as offered and charged to other members of the general public.

### CLAIM V

### (Auxiliary Aids and Services)

31. Defendants have failed to ensure that no person with a disability is excluded from or denied services at the Garden, or otherwise discriminated against, by failing to provide auxiliary aids and services. 42 U.S.C. § 12182(b)(2)(A)(iii), 28 C.F.R. § 36.303.

32. Defendants have failed to provide an adequate assistive listening system, where it would not fundamentally alter the nature of the goods and services provided and would not amount to an undue burden to provide such auxiliary aids or services. As a result, defendants have violated Title III and the Regulation. 42 U.S.C. § 12182(b)(2)(A)(iii), 28 C.F.R. § 36.303, and 28 C.F.R. Part 36, App. A, § 4.1.3.(19)(b).

### **PRAYER FOR RELIEF**

WHEREFORE, the United States of America requests that the Court enter judgment that:

    A. Declares that the defendants have discriminated against individuals with disabilities in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and

accommodations of the Garden, in violation of the ADA, by: (1) failing to provide wheelchair, companion, and aisle transfer seating to the extent that it is readily achievable to do so pursuant to 28 C.F.R. § 36.308; (2) failing to remove architectural barriers to access pursuant to 28 C.F.R. § 36.304; (3) failing to provide readily achievable alternatives to barrier removal pursuant to 28 C.F.R. § 36.305; (4) failing to provide reasonable modifications to policies, practices, and procedures when necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities pursuant to 28 C.F.R. § 36.302; and (5) failing to provide auxiliary aids and services to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals pursuant to 28 C.F.R. § 36.303.

  B. Orders defendants, to the extent that it is readily achievable, to provide a reasonable number of wheelchair seating locations that are dispersed throughout the seating area, that provide lines of sight and choices of admission prices comparable to those for members of the general public, that adjoin an accessible route that also serves as a means of emergency egress, and that permit individuals who use wheelchairs to sit with companions, and provide a reasonable number of aisle transfer seating areas, pursuant to 42 U.S.C. § 12182(b)(2)(A) and 28 C.F.R. § 36.308;

  C. Orders defendants to remove all architectural barriers to the extent that it is readily achievable to do so pursuant to 42 U.S.C. § 12182(b)(2)(A)(iv); 28 C.F.R. § 36.304 and 28 C.F.R. Part 36, App. A, including, but not limited to, removing the architectural barriers to access set forth in paragraph 19;

  D. Orders defendants to provide readily achievable alternatives to barrier removal in all instances, if any, where it is not readily achievable to remove architectural barriers pursuant to 42 U.S.C. § 12182(b)(2)(A)(v) and 28 C.F.R. § 36.305;

  E. Orders defendants to make reasonable modifications to their policies, practices, and procedures, including ticketing and pricing policies, practices, and procedures, when necessary to afford people with disabilities access to the goods, services, facilities, privileges, advantages or accommodations provided at the Garden, pursuant to 42 U.S.C. § 12182(b)(2)(A)(ii) and 28 C.F.R. § 36.302;

  F. Orders defendants to provide auxiliary aids or services, including, but not limited to, an adequate assistive listening system and the advertisement of the existence of such system, so that they are available to individuals with disabilities who are deaf or hard of hearing, pursuant to 42 U.S.C. § 12182(b)(2)(A)(iii) and 28 C.F.R. § 36.303;

  G. Orders defendants to construct, reconstruct, repair, or undertake other structural modifications as are necessary to bring all areas of the Garden which were altered after January 26, 1992, into compliance with the requirements of Title III of the ADA, the Regulation, and the Standards, pursuant to 42 U.S.C. § 12183(a)(2) and 28 C.F.R. §§ 36.402, 36.403;

  H. Assesses a civil penalty against defendants in an amount authorized by 42 U.S.C. § 12188(b)(2)(C) and 28 C.F.R. § 36.504(a)(3), to vindicate the public interest; and

  I. Orders such other appropriate relief as the interest of justice may require.

Dated: November 1, 2007  
      New York, New York

Respectfully submitted,

PETER D. KEISLER  
Acting Attorney General

By: _____  
RENA J. COMISAC  
Acting Assistant Attorney General  
Civil Rights Division

MICHAEL J. GARCIA  
United States Attorney for the  
Southern District of New York

By: /s/ Benjamin H. Torrance  
BENJAMIN H. TORRANCE (BT-1118)  
SEAN C. CENAWOOD (SC-1952)  
JAMES L. COTT (JC-5176)

Assistant United States Attorneys  
86 Chambers Street  
New York, New York  10007  
Telephone: 212.637.2705  
Fax: 212.637.2786

Dated:                , 2007

Respectfully submitted,

PETER D. KEISLER
Acting Attorney General

By: _____
RENA J. COMISAC
Acting Assistant Attorney General
Civil Rights Division


MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York

By: _____
BENJAMIN H. TORRANCE (BT-1118)
SEAN C. CENAWOOD (SC-1952)
JAMES L. COTT (JC-5176)

Assistant United States Attorneys
86 Chambers Street
New York, New York  10007
Telephone: 212.637.2705
Fax: 212.637.2786